UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CANDY LARUE

    Plaintiff,
 v.                Civil Action No._____

KIRSCHENBAUM & PHILLIPS, P.C., and
VELOCITY INVESTMENTS, LLC,
                     **JURY TRIAL DEMANDED**
    Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. INTRODUCTION

1. This is an action brought by Plaintiff Candy LaRue against Defendant Velocity Investments, LLC for actual damages, statutory damages, treble damages, costs and attorneys fees brought by an individual consumer for the said Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA"); and against Defendant Kirschenbaum & Phillips, P.C. for actual damages, statutory damages, costs and attorneys fees under the FDCPA.

II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. That Plaintiff's causes of actions under the TCPA are predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's said causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business within this district, and in that the conduct complained of occurred here as well.

III. PARTIES

5. Plaintiff Candy Larue is a natural person residing in City of Niagara Falls, County of Niagara and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

6. Defendant Kirschenbaum & Phillips, P.C., (hereinafter "Kirschenbaum"), is a law firm organized as a professional corporation under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

7. That upon information and belief, the Defendant Kirschenbaum regularly attempts to collect debts alleged to be due another, and uses the U.S. mail in furtherance of its collection of debts alleged to be due another.

8. Defendant Velocity Investments, LLC, (hereinafter "Velocity") is a foreign limited liability corporation organized under the laws of the State of New Jersey, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

9. That upon information and belief, the Defendant Velocity regularly attempts to collect debts alleged to be due another, and uses the U.S. mail in furtherance of its collection of debts alleged to be due another.

10. That at all times relevant herein, Plaintiff owned, operated and/or controlled "customer premises equipment" as defined by the Communications Act of 1934 (CA), 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

11. That at all times relevant herein, Plaintiff was and is a "person" as defined by the CA, 47 U.S.C.§153(32).

12. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by the CA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

13. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

14. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the CA, 47 U.S.C.§153(22).

15. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the CA, 47 U.S.C.§153(43).

16. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the CA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

17. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

18. The acts of Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

19. All references to "Defendant Velocity" or "Defendant Kirschenbaum" herein shall mean the Defendants or an employee of said Defendants.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff Candy Larue purchased a computer from Gateway, Inc. ("Gateway") in 2001.

21. That in connection with said purchase, Plaintiff and Gateway entered into a contract whereby, among other things, Gateway agreed to deliver a computer to Plaintiff, and Plaintiff agreed to pay an agreed upon price for same. Plaintiff's liability to pay Gateway for the aforementioned computer will be referred to as "the subject debt" in this complaint.

22. Upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

23. Upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

24. That the aforementioned contract between the parties provided:

    THIS AGREEMENT AND ANY SALES HEREUNDER SHALL BE GOVERNED BY THE LAWS OF THE STATE OF SOUTH DAKOTA, WITHOUT REGARD TO CONFLICTS OF LAWS RULES.

25. That the laws of the State of South Dakota provide that any cause of action for breach of a sales contract, such as the contract entered into between Gateway and Plaintiff, is four years from the alleged breach thereof.

26. That Plaintiff paid the subject debt in full over the course of 2001.

27. That from 2006 through June of 2007, Gateway and Defendants alleged that Plaintiff had defaulted on the subject debt in 2001.

28. That after Plaintiff's alleged default on the subject debt, but prior to November 2006, Gateway assigned the subject debt to Defendant Velocity.

29. That in or about November 2006, Plaintiff began receiving telephone calls and messages on her answering machine from Defendant Velocity.

30. That during the telephone calls enumerated in paragraph 29, Plaintiff told Defendant Velocity that she paid the subject debt in 2001, and that she disputed that she was liable to pay the subject debt.

31. That during the months of November of 2006 through December of 2006, Plaintiff provided documentation to Defendant Velocity establishing that she had satisfied her obligation to Gateway in or about 2001.

32. Prior to December 2006, Defendant Kirschenbaum was employed by Defendant Velocity to attempt to collect the subject debt, and to sue Plaintiff thereon.

33. That on January 19, 2007, Defendant Kirschenbaum filed a lawsuit on the subject debt in the City Court for the City of Niagara Falls.

34. That prior to the commencement of the aforementioned lawsuit, Defendant Velocity had provided Defendant Kirschenbaum with the documentation Plaintiff had provided to them establishing she was not liable on the subject debt.

35. That on May 3, 2007, Defendant Kirschenbaum obtained a judgment by default against Plaintiff for $3,251.77 in the City Court of the City of Niagara Falls.

36. That Plaintiff was never served with any papers in connection with the lawsuit and did not learn of the judgment until she learned her bank account had been restrained in May of 2007.

37. That in May 2007, Defendant Kirschenbaum served a restraining notice on HSBC Bank, requesting they restrain Plaintiff's bank accounts with them.

38. That in accordance with New York law, HSBC Bank denied Plaintiff access to the funds in her four bank accounts with them until Defendant Kirschenbaum finally authorized the release of the restraining notice in July of 2007.

39. That Plaintiff incurred fees from HSBC Bank for the restraint of her accounts which has been neither refunded, nor returned to her.

40. That in May of 2007, upon learning that her bank account had been restrained, Plaintiff called Defendant Kirschenbaum by telephone and spoke to an employee of said Defendant.

41. That Plaintiff had several telephone conversations with Defendant Kirschenbaum during the months of May and June of 2007 in which they discussed her alleged debt to Defendant Velocity.

42. That Defendant Kirschenbaum never mailed Plaintiff a written notice as required by 15 U.S.C.§1692g(a).

43. That beginning in November of 2006, Defendant Velocity began placing telephone calls to Plaintiff's residential telephone line in which they left artificial and/or prerecorded voice messages on her telephone answering machine.

44. That between November of 2006 through May of 2007, Defendant Velocity left approximately 300 artificial and/or prerecorded voice messages on Plaintiff's residential telephone line answering machine.

45. That Defendant Velocity did not identify their name as registered with the Division of Corporations of the Department of State for the State of New York in any of the artificial and/or voice recorded messages the left on Plaintiff's residential telephone line answering machine described in paragraph 41 herein.

46. That many of the telephone calls made by Defendant Velocity to Plaintiff described in paragraphs 43 and 44 herein were made before 8:00 a.m. eastern standard time.

47. That on or about December 23, 2006, Plaintiff specifically asked Defendant Velocity to cease and desist from making any further telephone calls to her residential telephone line.

48. That between December 23, 2006 and May of 2007, Plaintiff specifically asked Defendant Velocity to cease and desist from making any further telephone calls to her residential telephone line on approximately 15 separate occasions.

49. That Plaintiff ceased having an "established business relationship", as that term is defined in the TCPA and regulations promulgated in connection therewith, 18 months after she paid the subject debt in full in 2001.

50. That any established business relationship that may have existed between Defendant Velocity and Plaintiff in 2006 was terminated by Plaintiff on December 23, 2006 when she asked said Defendant to cease and desist from making any further telephone calls to her.

51. That as a result of the foregoing, Plaintiff suffered pecuniary loss and became nervous, upset, and suffered emotional distress.

## V.  COUNT ONE
(For Defendants Violations of the FDCPA)

52. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 51 above.

53. That Defendant Kirschenbaum violated multiple provisions of the FDCPA, including but not limited to the following:

    A. Defendant Kirschenbaum violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(10) and 15 U.S.C.§1692f by continuing to attempt to collect the subject debt from Plaintiff despite the fact that Plaintiff was not legally liable to pay said debt since it had already been paid.

    B. Defendant Kirschenbaum violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(10) and 15 U.S.C.§1692f, by commencing a civil lawsuit against Plaintiff after the expiration of the applicable statute of limitations.

    C. Defendant Kirschenbaum violated 15 U.S.C.§1692g(a) by failing to provide Plaintiff with a written notice as required by that section of law.

54. That all of Defendant Kirschenbaum's acts and omissions described in this complaint were done within the scope of their agreement to represent Defendant Velocity to attempt to recover the subject debt.

55. That at all times relevant herein, Defendant Kirschenbaum acted as an agent for Defendant Velocity.

56. That Defendant Velocity is liable to Plaintiff for all violations of the FDCPA committed by Defendant Kirschenbaum alleged in this complaint.

57. That in addition to the FDCPA violations described previously herein, Defendant Velocity violated 15 U.S.C.§1692c(a)(1), 15 U.S.C.§1692d, 15 U.S.C.§1692d(5), and 15 U.S.C.§1692d(6) by making the telephone calls to Plaintiff described in paragraphs 43 through 48 of this complaint.

58. As a result of the Defendants' violations of the FDCPA, the Plaintiff suffered actual damages, pecuniary loss, and emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

## VI.  COUNT THREE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.14.1200, et seq.)

59. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

60. Defendant Velocity at all times material and relevant hereto, unfairly, unlawfully, and intentionally violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq.

61. Defendant Velocity's violations at all times material and relevant hereto include, but in no manner shall they be limited to, the following:

   A. Defendant Velocity, at all times material and relevant hereto, initiated telephone calls to Plaintiff's residential telephone line using an automated telephone dialing system and/or an artificial and/or prerecorded voices to deliver messages without the express consent of the Plaintiff to initiate telephone calls to Plaintiff's residential telephone line using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff and thereby violated the TCPA, 47 U.S.C.§227(b)(1)(B).

   B. The Defendant Velocity, at all times material and relevant hereto, initiated communication to the Plaintiff using an automated telephone dialing machine that was not in compliance with the technical and procedural standards prescribed by the TCPA, 47 U.S.C.§227, and/or used an automatic telephone dialing system not in compliance such standards and thereby violated  TCPA, 47 U.S.C.§227(d)(1)(A).

   C. The Defendant Velocity, at all times material and relevant hereto, initiated artificial and/or prerecorded telephone communications to the Plaintiff while failing at the beginning of the communications to state clearly their registered name identity in violation of 47 C.F.R.§64.1200(b)(1).

62. The acts and/or omissions of Defendant Velocity, at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, and intentionally with the express and sole purpose of unfairly, unlawfully, and intentionally coercing Plaintiff to pay the alleged debt.

63. The acts and/or omissions of the Defendant Velocity, at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, and intentionally and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

64. The acts and/or omissions of the Defendant Velocity, at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

65. As a causally-direct and legally proximate result of the above violations of the TCA and TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed the peace and tranquility of her home.

66. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant Velocity, at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

67. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant Velocity, at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

68. Plaintiff received approximately 300 telephone calls from an automated telephone dialing system and/or received telephone messages of an artificial and/or prerecorded nature entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each call made using an automated telephone dialing system and/or an artificial and prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(d)(3)(B), from the Defendant in the amount of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00).

69. The Defendant Velocity caused said telephone calls from an automated telephone dialing system and/or left messages on Plaintiff's telephone answering machine of an artificial and/or prerecorded nature willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of Four Hundred Fifty Thousand Dollars and No Cents ($900,000.00). pursuant to TCPA U.S.C.§227(d)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against:

A. The Defendants, and each of them for:

(1) Actual damages;

(2) Statutory damages pursuant to 15 U.S.C. § 1692k;

(3) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(4) For such other and further relief as may be just and proper.

B.  Defendant Velocity for:

(a)  Actual damages;

(b)  Statutory damages pursuant to TCPA, 47 U.S.C.§223(b)(3)(B).

(c)  Treble statutory damages pursuant to TCPA, 47 U.S.C.§223b(3).

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION**

Dated:  January 9, 2008

/s/Kenneth R. Hiller
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
           ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Candy LaRue, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: January 9, 2008                s/Candy LaRue_____
                                      Candy LaRue